UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:23-CR-30 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| O'SHAE SMITH | ) | |

## M E M O R A N D U M

Before the Court is Defendant's motion to dismiss the Indictment against him (Doc. 1) for violating the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, and the Sixth Amendment to the U.S. Constitution. (Doc. 56.) The United States (the "Government") has responded. (Doc. 59.) Defendant has not replied and the time to do so has passed. *See* E.D. Tenn L.R. 7.1(a). For the reasons below, the Court will **GRANT** Defendant's motion (Doc. 56) and dismiss the Indictment (Doc. 1) **WITHOUT PREJUDICE**.

## I.    BACKGROUND

On March 28, 2023, Defendant was charged with one count of possession with the intent to distribute forty grams or more a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(l)(B). (Doc. 1 at 1.) Defendant appeared before the court for arraignment on May 26, 2023, and pleaded not guilty to all counts in the indictment. (Doc. 6.) Following his arraignment, a scheduling and discovery order was entered setting the matter for trial on July 24, 2023. (Doc. 9.)

Defendant filed a motion to continue on June 30, 2023 (Doc. 11), which this Court granted, continuing the trial until September 11, 2023 (Doc. 12). Defendant filed a second motion to continue on August 22, 2023 (Doc. 13), which the Court granted, continuing the trial until October

10, 2023 (Doc. 14).  Defendant filed a third motion to continue on September 20, 2023 (Doc. 15), which the Court granted, continuing the trial until November 20, 2023 (Doc. 16).

On October 25, 2023, Defendant moved to suppress evidence.  (Doc. 17.)  The Court continued the trial date pending a ruling on Defendant's suppression motion.  (Doc. 18.)  The Magistrate Judge set a hearing for December 15, 2023, which Defendant moved to continue. (Docs. 22, 23).  Upon Defendant's request, the Magistrate Judge set the suppression hearing for January 12, 2024.  (Doc. 24.)  The suppression hearing was then reset for January 10, 2024. (Docket entry dated Dec. 18, 2023.)

On March 22, 2024, the Magistrate Judge issued a report and recommendation (the "R&R") on Defendant's motion to suppress.  (Doc. 30.)  On April 4, 2024, Defendant moved for an extension of time to file objections to the R&R (Doc. 32), which was granted (Doc. 33).  Defendant objected to the R&R on April 12, 2024 (Doc. 34), and the Government responded on April 26, 2024 (Doc. 35).  On October 10, 2024, the Court overruled Defendant's objections and adopted the R&R.  (Doc. 37.)  The Court set this matter for trial on November 4, 2024.  (Doc. 38.)

Following this, the United States filed a motion to continue on October 18, 2024 (Doc. 39), which the Court granted, continuing the trial until December 16, 2024 (Doc. 42).  Defendant also moved for an extension of time to file pretrial motions, which the Court granted.  (Docs. 41, 42.) Defendant filed a fifth motion to continue on November 25, 2024 (Doc. 43), which the Court granted, continuing the trial until February 3, 2025 (Doc. 44).  Defendant filed a sixth motion to continue on January 6, 2025 (Doc. 45), which the Court granted, continuing the trial until April 7, 2024 (Doc. 46).  Defendant, representing that his expert witness would be unavailable on April 7, 2025, filed a seventh motion to continue (Doc. 47), which the Court granted, continuing the trial until July 14, 2025 (Doc. 48).

On March 12, 2025, Defendant moved to continue the motion and plea deadlines by sixty days, which the Court granted. (Docs. 49, 50.) On May 12, 2025, Defendant and the Government filed a motion to continue the motion and plea deadlines by twenty-one days, which the Court granted as well. (Docs. 51, 54.) The trial date remained July 14, 2025, and the motion and plea deadline was extended through June 2, 2025. (Doc. 54.) On May 12, 2025, and June 2, 2025, Defendant moved in limine to exclude evidence and requested a *Daubert* hearing. (Docs. 53, 55). The *Daubert* motion was amended on June 11, 2025. (Doc. 58.) Also on June 2, 2025, Defendant filed a motion to dismiss on speedy-trial grounds. (Doc. 56.) The Government responded (Doc. 59), and the motion is now ripe for review.

## II.    DISCUSSION

Defendant moves to dismiss the superseding indictment against him for (1) a violation of the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq*., and (2) a violation of the right to a speedy trial protected by the Sixth Amendment of the U.S. Constitution. (Doc. 56.) The Government concedes that a Speedy Trial Act violation has occurred but argues Defendant's Sixth Amendment right to a speedy trial has not been violated, so the resulting dismissal should be without prejudice. (Doc. 59 at 3–7.)

### A.    The Speedy Trial Act

Under the Speedy Trial Act (the "Act"), the trial of a defendant charged in federal court must commence "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, certain delays are excludable from the seventy-day calculation. *Bloate v. United States*, 559 U.S. 196, 203 (2010); *Sylvester v. United States*, 868 F.3d 503, 508 (6th Cir. 2017). Section 3161(h)

3

of the Act enumerates those delays which are excludable. 18 U.S.C. § 3161(h). Excludable delays relevant to this case include "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]" *Id.* § 3161(h)(1)(D). Trial continuances can also constitute excludable delay under certain circumstances:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id.* § 3161(h)(7)(A). In order for this exclusion to apply, the court must state in the record "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

Defendant contends that at least 206 days of non-excludable time have elapsed in this case. (Doc. 56 at 3.) The Government suggests 190 days of non-excludable time have elapsed. (Doc. 59 at 6.) Although the parties dispute the number of non-excludable days that have elapsed in this matter, the parties agree the Speedy Trial Act has been violated in Defendant's case. (Doc. 56 at 2–4; Doc. 59 at 1, 6.)

The Indictment against Defendant was returned on March 28, 2023, and he was arraigned on May 26, 2023. (Docs. 1, 6.) Accordingly, the clock began to run on May 27, 2023, for the purposes of the Speedy Trial Act. *See United States v. Crawford*, 982 F.2d 199, 203 (6th Cir. 1993) (quoting 18 U.S.C. § 3161(h)(1)) ("[T]he day of the arraignment . . . [is] excluded as '[a]ny period of delay resulting from other proceedings concerning the defendant.'") (2d alteration in original)). The speedy-trial clock ran until the Defendant sought his first continuance on June 30,

2023. Thus, thirty-four days elapsed on the speedy-trial clock between the day after the arraignment and the first motion to continue.

In granting Defendant's June request for a continuance, the Court found "the interests served by granting the continuance outweigh the interests of Defendant and the public in a speedy trial" because Defendant's counsel needed time to review discovery and confer with Defendant. (Doc. 12 at 2.) Thereafter, Defendant filed motions to continue all deadlines including the trial date on August 22, 2023 (Doc. 13) and September 25, 2023 (Doc. 16). Based on the reasons offered by Defendant in the August and September motions, the Court granted both motions and continued the trial date, first to October 10, 2023, and then to November 20, 2023. The Court explicitly found that "the interests served by granting the continuance[s] outweigh the interests of Defendant and the public in a speedy trial[.]" (Doc. 14 at 3, Doc. 16 at 3.) Accordingly, all time beginning from June 30, 2023, when the first motion to continue was filed, until November 20, 2023, the new trial date established by the Court, is excludable. *See* 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A).

Defendant's motion to suppress (Doc. 17) triggered a separate period of excludable time. After Defendant filed his motion to suppress on October 25, 2023, the Magistrate Judge conducted a hearing on January 10, 2024, and ordered post-hearing briefing to be done by February 1, 2024. (Docs. 26, 28, 29.) The time between the filing of the motion to suppress until March 4, 2024, thirty days after post-hearing supplemental briefing concluded, is excludable.[1] *See* 18 U.S.C. §§

---

[1] Under the Federal Rules of Criminal Procedure, if the last day of a period counted in days "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Crim. P. 45(a)(1)(C). Although the thirtieth day would have been March 2, 2024, the period would not have ended until Monday, March 4, under the rule.

5

3161(h)(1)(D).  The time between March 4, 2024, and the issuance of the Magistrate Judge's R&R on March 22, 2024, is not excludable, however.  Thus, eighteen days expired on the speedy trial clock between the conclusion of supplemental briefing and the issuance of the R&R.

The Court must also calculate the non-excludable time between the issuance of the R&R and the denial of the motion to suppress.  The speedy-trial clock resumed on May 28, 2024, thirty days after the Court received the last pleading after the issuance of the R&R: the Government's response to Defendant's objections to the R&R (Doc. 35).[2]  *See United States v. Baker*, 562 Fed. App'x 447, 452 (6th Cir. 2014).  The Court adopted the R&R and denied the motion to suppress on October 10, 2024 (Doc. 37), meaning 135 days of non-excludable time had passed.

On October 18, 2024, the United States moved to continue the deadlines in the case, which the Court granted.  (Docs. 39, 42.)  Despite Defendant's contention (Doc. 56 at 3), only the eight days between the denial of the motion to suppress and the Government's motion to continue are non-excludable.  *See* 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A).  Thereafter, the Court continued the deadlines, including the trial date, three more times, explicitly finding that "the interests served by granting the continuance[s] outweigh the interests of Defendant and the public in a speedy trial[.]" (Doc. 44 at 3, Doc. 46 at 3, Doc. 48 at 3.)  The time beginning from October 18, 2024, the date of Defendant's first motion to continue after the denial of his motion to suppress, until July 14, 2025, the new trial date established by the Court, is excludable.  *See* 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A).

The Court includes the following non-excludable time in its calculation: 34 days (time between the day after the arraignment and Defendant's first motion to continue); 18 days (time

---

[2] Because the thirtieth day fell on Memorial Day, a federal holiday, the period continued to run until the next day, May 28, 2024.  *See* Fed. R. Crim. P.  45(a)(1)(C).

between when the motion to suppress became under advisement by the Magistrate Judge and the issuance of the R&R); 135 days (time between when the R&R became under advisement by this Court and the denial of the motion to suppress); and 8 days (time between the denial of the motion to suppress and the Government's motion to continue). In sum, the Court concludes 195 non-excludable days have elapsed. Therefore, based on this calculation and the parties' agreement, the Court finds that a violation of Defendant's rights under the Speedy Trial Act has occurred.

The next question is whether the Indictment should be dismissed with or without prejudice. In determining whether to dismiss the Indictment against Defendant with or without prejudice, the Court is instructed to consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2).

### 1. Seriousness of the Offense

The first factor for the Court to consider is "the seriousness of the offense." *Id.* This factor is not a "mechanical test based upon the [Sentencing] Guidelines," but instead "demands that the gravity of the crime be carefully considered as a factor in deciding whether to dismiss without prejudice." *United States v. Pierce*, 17 F.3d 146, 149 (6th Cir. 1994.)

Defendant does not address the seriousness of the offense. The Government argues the offense is serious, stating, "[t]he Defendant possessed fentanyl with the intent to distribute." (Doc. 59 at 8.)

The Court of Appeals for the Sixth Circuit has held that possession of a controlled substance with the intent to distribute is a serious offense. *United States v. Franklin,* 758 F. App'x 469, 470 (6th Cir. 2018). Additionally, the Court notes that possession of fentanyl with the intent to distribute poses a serious risk to the community. This risk of harm illustrates the seriousness of

7

the offense charged. The Court therefore finds Defendant's alleged offense is serious, which weighs toward dismissal without prejudice.

## 2. Facts and Circumstances of the Case

The second factor for the Court to consider is "the facts and circumstances of the case which led to the dismissal." 18 U.S.C. § 3162(a)(2). Because "the prosecutor and the court have 'an affirmative constitutional obligation' to try the defendant in a timely manner," "the burden is on the prosecution to explain the cause of the pre-trial delay." *United States v. Graham*, 128 F.3d 372, 374 (6th Cir. 1997).

The Government argues that "the delay in this case [has] been, primarily, the result of the [D]efendant's motions to continue and litigation of the [D]efendant's motion to suppress." (Doc. 59 at 8.) The Government argues it did not cause the delay because it only "filed an unopposed motion [for] extension of time (one week) to respond to the [D]efendant's motion to suppress (Doc. 19) and one unopposed motion to continue the trial date (Doc. 39)." (Doc. 59 at 8.)

There is no evidence or argument that the Government purposefully delayed prosecution of Defendant's case. Defendant filed multiple motions to continue and other motions, requiring the allotment of time for the Court to properly respond. The Court concludes the facts and circumstances of the case support a dismissal without prejudice.

## 3. Impact of Reprosecution

The final factor for the Court to consider is the "impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). "The main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay . . . and whether the government

8

engaged in 'prosecutorial misconduct that must be deterred to ensure compliance with the Act.'" *United States v. Howard*, 218 F.3d 556, 562 (6th Cir. 2000) (quoting *Pierce*, 17 F.3d at 149).

Defendant asserts he "has suffered from prolonged incarceration" and "has been in custody on [a supervised released case and this case] for over 31 months." (Doc. 56 at 4.) He argues that "an incarceration period of 795 days should certainly be considered oppressive," as it is "well over two years of pretrial incarceration." (*Id* at 5.) In response, the Government argues that Defendant "does not point to any particularized [prejudice], beyond the fact of his pre-trial detention." (Doc. 59 at 8.) It emphasizes that "[t]here is no allegation, nor evidence, of any prosecutorial misconduct." (*Id*.)

This factor weighs in favor of dismissal without prejudice. Defendant has not identified any "particularized prejudice to his defense" that resulted from the delay in his trial. *See Howard*, 218 F.3d at 562. Any additional detention during a reprosecution of Defendant's case is not a particularized prejudice, and any such detention and the detention connected with this prosecution could be taken into account in fashioning and calculating a sentence if Defendant were convicted on a second prosecution. Additionally, there is no evidence of "bad faith or a pattern of negligence on the part of the government that would warrant dismissal with prejudice for the sake of deterrence." *See id.*

The Court notes, however, that "[i]nordinate delay between public charge and trial, … wholly aside from possible prejudice to a defense on the merits, may seriously interfere with the defendant's liberty, whether he is free on bail or not, and … may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.'" *United States v. Robinson*, 389 F.3d 582, 589 (6th Cir. 2004)

9

(citations omitted).  The Court therefore finds that the impact of reprosecution weighs toward dismissal without prejudice, but not heavily.

Accordingly, applying the Speedy Trial Act factors, the Court finds that each factor weighs in favor of dismissal without prejudice.

## B.  Sixth Amendment

Defendant also argues that the Government violated his Sixth Amendment right to a speedy trial.  (Doc. 56 at 4–5.)  "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ."  U.S. Const. amend. VI.  The Supreme Court has identified four factors the Court should consider in evaluating a Sixth Amendment speedy-trial challenge: (1) the length of the delay, (2) the reasons for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) the prejudice to the defendant caused by the delay.  *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  "No one factor constitutes a 'necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.'  Rather, they are related factors and must be considered together with such other circumstances as may be relevant" to determine if a violation of the Sixth Amendment right to a speedy trial has occurred.  *United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006) (citation omitted).

### 1.  The Length of the Delay

The first factor for the Court to consider is the length of the delay.  *Id.* at 530.  The Supreme Court has stated that this factor is a "triggering mechanism."  *Id.*  "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other facts that go into the balance.  Nevertheless . . . the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case."  *Id.* at 530–31.  The Court of Appeals for the Sixth Circuit has held that "a delay of one year is presumptively prejudicial and triggers

application of the remaining three factors." *United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006).

Defendant argues because he has been in custody for 797 days since the Indictment, the delay is "presumptively prejudicial." (Doc. 56 at 4.) The Government concedes, "[b]ecause more than one year has passed, the Court should examine the remaining factors." (Doc. 59 at 9.) Therefore, the Court will address the remaining factors in turn below.

### 2. The Reason for the Delay

The purpose of inquiring into the reason for the delay is to determine "whether the government or the criminal defendant is more to blame for [the] delay." *Maples v. Stegall*, 427 F.3d 1020, 1026 (6th Cir. 2005). The United States Supreme Court has made clear that "different weights are to be assigned to different reasons for delay." *Doggett v. United States*, 505 U.S. 647, 657 (1992). If the reasons for the delays were caused by the Government and "motivated by bad faith, harassment, or attempts to seek a tactical advantage," those delays "weigh heavily against the Government[.]" *Maples*, 472 F.3d at 1026. On the other hand,

> If a defendant is responsible for the delay, matters simplify rather quickly. Only "those periods of delay attributable to the government or the court are relevant to [a defendant's] constitutional claim." *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000). *So, when a defendant is the cause of the delay, he cannot use the delay "as a basis for a speedy-trial claim." United States v. Young*, 657 F.3d 408, 415 (6th Cir. 2011).

*United States v. Schuster*, 135 F.4th 1037, 1049 (6th Cir. 2025) (alteration in original) (emphasis added).

Defendant does not address a reason for the delay. The Government argues, however, "[D]efendant is the more blameworthy party for the delay in this case." (Doc. 59 at 10.) In this case, Defendant requested the first three continuances for additional time to review discovery,

11

confer with his lawyer, and engage in plea negotiations. (Docs. 11, 13, 15.) The initial delay is attributable to Defendant.

Subsequently, the trial was postponed again after Defendant filed his motion to suppress. This motion to suppress was not fully briefed until February 1, 2024. (*See* Doc. 29.) Thus, the time that elapsed beginning with the filing of the motion to suppress through the date thirty-days after the motion to suppress became ripe, March 4, 2024, is all reasonably attributable to Defendant's own filings. *See Schuster*, 135 F.4th at 1051 ("The *Barker* framework initially assigns the responsibility for the time necessary to adjudicate defense motions to the defendant."). The Court recognizes its role in the delay after the motion to suppress became ripe for decision. However, the four-and-a-half-month delay was based on a "more neutral reason": the Court's delay in deciding the motion. *See Schuster*, 135 F.4th at 1051.

Following the denial of the motion to suppress, the United States moved to continue the deadlines for the first time because counsel had a different trial scheduled for the same date. (Doc. 39.) Subsequently, Defendant requested two additional continuances of the trial date for additional time to review discovery, confer with his expert witness, and prepare for trial. (Docs. 43, 45.) Defendant then asked for another continuance of the trial date to ensure his expert witness could attend. (Doc. 47.)

The Court finds the Government is not more, but less, to blame than Defendant for the delay. The delay has not been caused by "government delays motivated by bad faith, harassment, or attempts to seek a tactical advantage." *Maples*, 427 F.3d at 1026 (citation omitted). Further, "[c]onsidering the case in its totality, [the Court] hold[s] that the delay attributable to the [Court] cannot overcome the weight that is owed to [Defendant's] responsibility for the majority of the

12

delay." *See Schuster*, 135 F.4th at 1052. Accordingly, the second *Barker* factor weighs against finding a Sixth Amendment violation, although slightly.

### 3. The Defendant's Assertion of his Speedy Trial Right

The third factor is whether Defendant asserted his right to a speedy trial. A defendant does not waive his right to a speedy trial by failing to make a demand. *Barker*, 407 U.S. at 528. "This does not mean, however, that the defendant has no responsibility to assert his right." *Id*. Rather, "the defendant's assertion of or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right." *Id*. An assertion of the speedy trial right "is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the [speedy trial] right." *Id*. at 531–32.

Defendant filed his motion to dismiss on June 2, 2025, the extended deadline to file pretrial motions. The parties agree that Defendant asserted his right to a speedy trial on this date, more than two years after his Indictment. (Doc. 56 at 5; Doc. 59 at 10.) This agreement is not enough to assume this factor weighs in favor of Defendant, however. *See Schuster*, 135 F.4th at 1052.

Defendant's "litigation conduct over the entire case indicates he 'did not want a speedy trial.'" *Id*. at 1053 (citing *Barker*, 407 U.S. at 534–35 (noting that the Supreme Court concluded the delay "strongly suggest[ed] that while [the defendant] hoped to take advantage of the delay in which he had acquiesced, and thereby obtain a dismissal of the charges, he definitely did not want to be tried.")). Defendant's continuances and filings account for the vast majority of the delay. His "substantial contributions" to the pre- and post-motion-to-suppress delay "belie his later attempts to assert his speedy trial rights." *Id*. (citation omitted). Given the procedural posture of the case, the Court finds that the third *Barker* factor weighs against the finding of a Sixth Amendment violation, but not heavily.

13

### 4. Prejudice to the Defendant

The final factor the Court must consider is any prejudice to Defendant. "Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. The Supreme Court has identified three interests, including "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* "The most important factor under prejudice is possible impairment of the defense." *Howard*, 218 F.3d at 564. "When the government prosecutes a case with reasonable diligence, a defendant who cannot demonstrate how his defense was prejudiced with specificity will not make out a speedy trial claim no matter how great the ensuing delay." *Id.* Prejudice must typically be "substantial" to establish a Sixth Amendment violation. *Schuster*, 135 F.4th at 1054 (quoting *United States v. DeClue,* 899 F.2d 1465, 1471 (6th Cir. 1990)).

Defendant argues he has suffered from "prolonged incarceration" spanning more than two years. (Doc. 56 at 5.) Defendant further argues that "an incarceration period of 795 days should certainly be considered oppressive." *Id.* The Government responds that "[D]efendant has not set forth a specific impairment of his defense," as required by most courts. (Doc. 59 at 10.)

Here, although Defendant suggests he has suffered from anxiety and oppression, Defendant has not cited any specific evidence of prejudice to his defense. Additionally, he has not shown any lack of reasonable diligence by the Government. The Court does not find that the delay to Defendant's trial raises a presumption of prejudice. *See Howard*, 218 F.3d at 564–65. The delays have been due to Defendant's filings and the time required for the Court to decide them, rather than the Government's actions. *Id.* (citing *Doggett,* 505 U.S. at 647).

14

Having considered each of the *Barker* factors, the Court finds the delay has not deprived Defendant of his constitutional right to a speedy trial. Accordingly, dismissal under the Sixth Amendment is not warranted.

## III.    CONCLUSION

For the reasons discussed above, the Court finds that a violation of the Speedy Trial Act has occurred.  However, Defendant's Sixth Amendment right to a speedy trial has not been violated. Accordingly, the Indictment against Defendant (Doc. 2) will be **DISMISSED WITHOUT PREJUDICE** for violating the Speedy Trial Act.

**AN APPROPRIATE ORDER WILL ENTER.**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

15